IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OMAR OLIVA AND IRAZEMA OLIVA, INDIVIDUALLY AND AS NEXT FRIENDS OF E.O. AND O.O, IRAZEMA OLIVA, INDIVIDUALLY AND AS NEXT FRIEND OF M.O., and ROGER APPLETON, INDIVIDUALLY AND AS NEXT FRIEND OF K.A., <br><br> Plaintiffs, <br><br> V. <br><br> USA TRUCK, INC. and TIMOTHY SIMMONS, <br><br> Defendants. | No. 3:18-cv-2814-E |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Defendants USA Truck, Inc. and Shedrick Timmothy Simmons have filed a Motion for Leave to Designate Responsible Third Party, seeking to designate Irazema Oliva as a responsible third party under Texas Civil Practice and Remedies Code § 33.004. *See* Dkt. No. 47. United States District Judge Ada Brown has referred the motion to the undersigned United States magistrate judge for a hearing, if necessary, and recommendation or determination under 28 U.S.C. § 636(b). *See* Dkt. No. 60 at 2.

Plaintiffs Omar Oliva and Irazema Oliva, Individually and As Next Friends of Elany Oliva and Omar Oliva, Jr.; Irazema Oliva, Individually and As Next Friend of Marhai Olguin; and Roger Appleton, Individually and As Next Friend of Kaylee

-1-

Appleton filed a response, *see* Dkt. No. 57, and Defendants filed a reply, *see* Dkt. No. 61.

The Court should GRANT Defendants' Motion for Leave to Designate Responsible Third Party [Dkt. No. 47] for the reasons explained below.

## Background

Defendants explain that

> 1. This lawsuit is a personal injury suit whereby Plaintiffs claims they were injured by a vehicle operated by Shedrick Simmons while he was driving under the authority of USA Truck, Inc. See Plaintiffs' Third Amended Complaint. Plaintiffs allege that the Defendants' negligence proximately caused the accident.
> 2. At the time of the accident, Irazema Oliva was the driver of the Plaintiffs' vehicle. According to the police report, four minors, Omar Oliva (2 years old), Elany Oliva (5 years old), Marhai Olguin (11 years old) and Kaylee Appleton (8 years old), were all seated in the rear seat. The police report shows that Omar Oliva was in a child seat, but lists the "Restraints Used" for the other minors as "Unknown."
> 3. Texas law requires a driver to properly restrain children riding anywhere in a vehicle and to make sure anyone seventeen years or younger anywhere in the vehicle is properly restrained. TEX. TRANSP. CODE §§ 545.413(b).
> 4. As stated in Defendants' Amended Answer to Plaintiffs' Third Amended Complaint, the accident and any damages related thereto was the result of the negligent acts and/or omissions, or other wrongful conduct of third parties, including Irazema Oliva. Alternatively, the acts and omissions of Irazema Oliva were intervening and/or superseding causes of the damages claimed by Plaintiffs.
> 5. By seeking to have Irazema Oliva designated as responsible third party, Defendants do not admit that Plaintiffs have been damaged.
> 6. Accordingly, Defendants move to designate Irazema Oliva as a responsible third party pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code. This motion is being filed at least sixty (60) days prior to the trial date of April 20, 2020, in accordance with Section 33.004 of the Texas Civil Practice and Remedies Code.

Dkt. No. 47 at 1-2. Defendants request "that they be granted permission to designate Irazema Oliva as a responsible third party in the above-entitled and numbered cause." *Id.* at 3.

> Plaintiffs respond that
>
> [t]his is a suit arising out of an 18-wheeler wreck (the "Wreck") in which Plaintiffs seek damages for injuries they sustained as a result of a violent rear-end crash that occurred on June 4, 2017. Plaintiffs' filed suit on October 18, 2018 against Defendants USA Truck Inc. and Shedrick Timothy Simmons (collectively "Defendants"). Now, almost one (1) year (336 days) after Plaintiffs first filed suit against Defendants, and over three (3) months (112 days) after the statute of limitations expired, Defendants now seek to join Plaintiff Irazema Oliva ("Ms. Oliva") as a responsible third party ("Defendants' Motion"). Defendants appear to allege that Ms. Oliva is liable for her alleged failure to ensure that some of the minor Plaintiffs were restrained when their vehicle was violently rear ended by Defendant Simmons. See Defendants' Motion at ¶ 2-6, Doc # 47. [The undisputed evidence in this case is that at the time Plaintiffs began their trip the morning of June 4, 2017, all of the minor Plaintiffs were restrained in the back seat of Plaintiffs' vehicle. *See* deposition of Irazema Oliva.] In Defendants' most recently filed Answer, however, Defendants make only general and generic allegations of third party negligence; they fail to explicitly identify Ms. Oliva as a potentially negligent party or reference the alleged lack of seat belt use in any of their pleadings or answers to discovery. *See* Defendants' Motion at ¶ 4; See also, Defendants' Answer to Plaintiffs' Third Amended Complaint, Doc. #38 ¶ XIII at p. 25-26. Because the Defendants' attempt to designate Ms. Oliva as a responsible third party is untimely, the Court should deny Defendants leave to designate Ms. Oliva because they did not properly identify her as a potentially responsible third party prior to the expiration of the statute of limitations, over 112 days ago.

Dkt. No. 57 at 1-2 (footnote omitted). Plaintiffs contend that,

> [b]ecause plaintiffs cannot join a responsible third party after limitations have run, [Texas Civil Practice and Remedies Code §] 33.004(d) acts as a procedural safeguard to prevent defendants from belatedly designating responsible third parties against whom plaintiffs cannot recover. *In re Bustamante*, 510 S.W.3d 732, 736 (Tex. App. 2016); *See also, In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) ("when a plaintiff is so barred

(by the statute of limitations), an imbalance in the proportionate responsibility framework may arise…. while the defendant may potentially cut down liability by blaming the third party, the plaintiff is precluded") (citing *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 689 (E.D. Tex. 2014).

 2.2 Boiler plate language regarding an unnamed third party is not sufficient to identify a responsible third party past the statute of limitations. *In re Dawson*, 550 S.W.3d at 630. Additionally, whether a plaintiff had knowledge of a potential responsible third party is not a factor when determining whether the designation is timely. *Howard v. Lowe's Home Ctrs.*, No. 1:16-cv-1279-RP, 2017 U.S. Dist. LEXIS 224265, at *6 (W.D. Tex. Oct. 23, 2017 ("[t]he key consideration is … not whether the plaintiff had reason to know of the third party"); *In re Dawson*, 550 S.W.3d 625 at 630 ("plaintiff's determination of who may be designated as a responsible third party doesn't require such an independent investigation").

....

 2.3 Defendants' designation of Ms. Oliva as a responsible third party is not timely under Chapter 33 of the Texas Civil Practice & Remedies Code. The Rule 33.004(d) "clock" is governed by whether the defendant timely disclosed the potential third party prior to the running of the statute of limitations. TEX. CIV. PRAC. & REM. CODE § 33.004(d) (emphasis added). The Texas Civil Practice & Remedies Code does not define the term "timely" for Rule 33.004(d); however, in this case Defendants never identified Ms. Oliva or the alleged negligent conduct regarding the use or non-use of seatbelts for the minors until well after the statute of limitations expired. *In re VB Harlingen Holdings*, No. 13-19-00131-CV, 2019 Tex. App. LEXIS 5443, at *17 (Tex. App. June 27, 2019).

 2.4 Defendants are likely to argue they were not bound to designate a responsible third party before the statute of limitations because Plaintiffs did not request the disclosure. However, because disclosure of responsible third parties is not required by the Federal Rules of Civil Procedure many federal courts focus on when the plaintiff filed suit. In fact, Courts which have allowed the designation of a responsible third party after the expiration of the statute of limitations have done so typically in limited circumstances where the plaintiff filed suit within days of the expiration of the statute of limitations. *See Spencer v. BMW of N. Am., LLC*, No. 5:14-CV-869- DAE, 2015 U.S. Dist. LEXIS 43463, at *7 n.4 (W.D. Tex. Apr. 2, 2015) ("if the purpose of the timeliness requirement is to afford the plaintiff an opportunity to name the responsible third party as a defendant in the suit, Plaintiff eliminated such a possibility by filing her case so close to the expiration of the

statute of limitations (eight days)"); *Curlee v. UPS*, No. 3:13-cv-00344-P, 2014 U.S. Dist. LEXIS 199314, at *6 (N.D. Tex. Dec. 12, 2014) ("[h]ere, however, Plaintiffs filed this case one day before the expiration of the limitations period"); *See also, Magna Equities II, LLC v. Heartland Bank*, No. H-17-1479, 2018 U.S. Dist. LEXIS 31971, at *23 (S.D. Tex. Feb. 28, 2018) ("the court agrees with the analysis in Spencer and Curlee that the court should consider Plaintiffs' timing in filing suit to determine the "just and reasonable" result"). Such is not the case here where Plaintiffs' suit has been on file for close to one year and over seven (7) months prior to the expiration of the statute of limitations.

2.5 A party's disclosure obligations regarding potential responsible third parties are a factor in determining whether a defendant's designation is timely. *Id.* However, how close (or how far) from the statute of limitations a plaintiff files suit is also a component in the Courts analysis of whether the Defendants designation is timely. *In re Bustamante*, 510 S.W.3d 732, 737 (Tex. App. 2016). When a plaintiff files suit well before the expiration of the statute of limitations, a defendant has a duty to disclose any potential third parties as soon as possible. *See Withers*, 13 F. Supp. 3d 686 at 691 ("[n]otwithstanding the different disclosure obligations imposed by the Federal and the Texas Rules of Civil Procedure, a defendant has a duty to disclose the existence of any potential responsible third parties as soon as reasonably possible….before [plaintiffs] are time barred"); *Gutierrez v. Tractor Supply Co.*, No. H-15-778, 2018 U.S. Dist. LEXIS 102971, at *8-9 (S.D. Tex. June 20, 2018) ("defendant has a duty to disclose the existence of any potential responsible third parties as soon as reasonably possible"); *Magna Equities II, LLC v. Heartland Bank*, No. H-17-1479, 2018 U.S. Dist. LEXIS 31971, at *23 (S.D. Tex. Feb. 28, 2018) ("the court should consider plaintiffs' timing in filing suit to determine the just and reasonable result"); *In re VB Harlingen Holdings*, No. 13-19-00131-CV, 2019 Tex. App. LEXIS 5443, at *17 (Tex. App. June 27, 2019) ("33.004(d) requires a defendant to disclose a potential responsible third party before the expiration of the statute of limitations if that is possible"); *Howard v. Lowe's Home Ctrs.*, No. 1:16-cv-1279-RP, 2017 U.S. Dist. LEXIS 224265, at *6 (W.D. Tex. Oct. 23, 2017).

2.6 Plaintiffs filed suit on October 23, 2018. See Doc. #1. Defendants have conducted extensive written discovery concerning all issues in this case and have had ample opportunity to timely move to designate Ms. Oliva prior to June 4, 2019. The Defendants had over seven (7) months from the time the suit was filed until the expiration of the statute of limitations to file Defendants' Motion and failed to do so. Instead, Defendant delayed until September 24, 2019 to move for leave to designate Ms. Oliva, more than three (3) months (112 days) after the

expiration of the statute of limitations. Defendants provided no notice to Plaintiffs that they intended to allege that Ms. Oliva failed to restrain the minors riding in the back seat of Plaintiffs' vehicle on the date of the wreck.

2.7 In *Withers v. Schneider Nat'l Carriers, Inc.*, a wreck occurred, and the plaintiff filed suit seven months before the statute of limitations expired. *Withers*, 13 F. Supp. 3d 686 at 687. Nine months later (two months after the statute of limitations expired), the defendant attempted to designate a construction company as a responsible third party. *Id.* at 689. The defendant argued that its designation was timely because, unlike the Texas Rules of Civil Procedure, the Federal Rules of Civil Procedure do not require them to disclose potential responsible third parties. *Id.* at 690. However, the Court ultimately held the designation was untimely because the plaintiffs had filed suit well before the statute of limitations, and the defendant failed to designate the responsible third party until two months after the statute of limitations expired. *Id.* at 690.

2.8 The Court in Withers examined the policy behind rule 33.004(d) and reasoned that, although the Texas Supreme Court had not ruled on the timeliness aspect of 33.004(d), the Texas Legislature must have intended "a just and reasonable result….otherwise, the timeliness requirement has no meaning." *Id.* at 690. The Court noted the different disclosure requirements of the Texas and Federal Rules of Civil Procedure and held that the difference in who should initiate factual disclosure should not "be applied in a way that destroys the meaning and effect of § 33.004(d)." *Id.* at 691. Accordingly, the Court held that because the plaintiff had filed suit well before the statute of limitations ran, the defendant had a duty to disclose potential third parties regardless of whether the plaintiff specifically requested the disclosure. *Id.* ("[t]he obligation on the Defendant to timely discover and disclose any such responsible third parties before the statute of limitations runs is but a fair and reasonable burden").

2.9 The Court did not announce a general rule but determined the timeliness aspect of 33.004(d) should be decided on a case by case basis. *Id.* The Court then ultimately denied the defendants third party designation because the defendant designated the third party after the statute of limitations passed and the defendant had known about the potential third party since the date of the wreck. *Id.* ("the designation must be considered untimely because otherwise the result would be neither just nor reasonable").

2.10 Here, Defendants designation should be denied in the interest of a "just and reasonable result." *Id.* Like in *Withers*, Plaintiffs' filed suit more than seven (7) months before the expiration of the statute of limitations. Prior to filing Defendants' Motion, Defendants did not pled

> or otherwise indicated that they considered Ms. Oliva a responsible third-party regarding the use, or non-use, of a seat belt. Defendants' generic and boiler plate language regarding unnamed third parties is insufficient to comply with the notice requirement. *See In re Dawson*, 550 S.W.3d 625, 630; Doc. Document #38 ¶ XIII at p. 25-26. Accordingly, Defendants' Motion should be denied.

Dkt. No. 57 at 2-6 (footnotes omitted).

Defendants reply that they

> filed a Motion for Leave to Designate Responsible Third Party pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code, seeking to designate Irazema Oliva as a responsible third party on the basis that Irazema Oliva failed to properly secure her minor children in the vehicle she was driving. The minor children and their ages are as follows: O.O. (2 years old), E.O. (5 years old), M.O. (11 years old) and K.A. (8 years old).
> Plaintiffs filed a Response to Defendants' Motion, arguing that Defendants' designation of Irazema Oliva is untimely and barred by the statute of limitations. (See Plaintiffs' Response, Doc. #57). However, Plaintiffs completely miss the important fact that the Defendants seek to designate Irazema Oliva as the responsible third party for the injuries to her minor children. The statute of limitations has not run on the minor's claims, so Plaintiffs' entire argument is without merit and should be dismissed.

Dkt. No. 61 at 1-2. According to Defendants,

> Plaintiffs argument is a non-starter, as the statute of limitations has not expired on the minors' claims. The accident occurred on June 4, 2017. (Plaintiff's Response, ¶1.1). When the accident occurred, the minors were younger than 18 years of age, so they were considered to be "under a legal disability when the cause of action accrues," pursuant to §16.001(a) of the Texas Civil Practice & Remedies Code. Since the minors were considered to be "under a legal disability when the cause of action accrues," the time of the disability is not included in the limitations period, pursuant to §13.001(b) of the Texas Civil Practice & Remedies Code. Accordingly, they have 2 years from the time they reach 18 before the statute of limitations would expire. *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996).
> The minors' ages at the time of the accident and dates of birth, are as follows:
> • O.O.: 2 years old; Date of birth: August 10, 2015;
> • E.O.: 5 years old: Date of birth: January 31, 2012;

- K.A.: 8 years old: Date of birth: May 8, 2008; and
- M.O.: 11 years old: Date of birth: December 30, 2005.

Since the minors have two years from the day they turn eighteen to file claims, the applicable statute of limitations on their claims are as follows:
- O.O.: August 10, 2035;
- E.O.: January 31, 2032;
- K.A.: May 8, 2028; and
- M.O.: December 30, 2025.

Defendants' motion was filed on September 24, 2019, at least six (6) years before the earliest statute of limitations for any of the minors' claims would expire.

Section 33.004(d) specifically provides that the designation, "with respect to a claimant's cause of action" cannot be brought after the applicable limitations period on the cause of action has expired...." The claimant's cause of action in this matter, to which Defendants seek to designate Irazema Oliva responsible, are the claims of the minor children, and the applicable limitations period on those causes of action have not expired. Therefore, the Defendants motion seeking to designate Irazema Oliva as a responsible third party have been brought before the expiration of the applicable limitations period and are timely.

Further support for this comes from one of the cases cited by Plaintiffs in their Response, *In re VB Harlingen Holdings*, No. 13-19-00131-CV, 2019 Tex. App. LEXIS 5443, at *17 (Tex. App. June 27, 2019). *VB Harlingen* involved a medical malpractice claim brought by plaintiff Lynda Noble, individually and as next friend of Aaralynn Noble Hanline, a minor. *Id.* at *1. An issue in the case was the timeliness of the motion for leave to designate a responsible third party. *Id.* The court found that the statute of limitations had expired as to one plaintiff, Lynda (the mother), but not as to the other plaintiff, minor Aaralynn. *Id.* at *19. *See also Hernandez v. Bumbo (Pty) Ltd.*, No. 3:13-cv-1213-M, 2014 U.S. Dist. Lexis 30392, at (N.D. Tex. Mar. 10, 2014) (The relevant limitations period in Section 33.004(d) is specific to the "claimant's cause of action; Defendants' motion is limited to the claims of the minor son and Plaintiffs do not even allege that the statute of limitations for the minor's claims has expired").

....

Even though the statute of limitation has not expired on the minors' claim, the Defendants' Motion is still timely as to any other claims as they were not under any obligation to designate a responsible third party before the statute of limitations expired.

In their Response, Plaintiffs' acknowledge that "disclosure of responsible third parties is not required by the Federal Rules of Civil Procedure" but then go on to claim that "many federal courts focus on

when the plaintiff filed suit." (Plaintiffs' Response, ¶2.4) and that "a party's disclosure obligations regarding potential responsible third parties are a factor in determining whether a defendant's designation is timely. (Plaintiffs' Response, ¶2.5). The Plaintiffs' argument regarding "what courts focus on," or about "a party's disclosure obligations being a factor in whether the designation is timely" are irrelevant, when, as here, there is no obligation to disclose responsible third parties.

First, Plaintiffs acknowledge that "disclosure of responsible third parties is not required by the Federal Rules of Civil Procedure;" and "The Texas Federal Rules of Civil Procedure require a party to disclose potential third parties whereas the Federal Rules of Civil Procedure do not. *See* USCS Fed Rules Civ Proc R 26; Tex. R. Civ. P. 194." (Plaintiffs' Response, ¶2.4 and footnote 2, ¶2.5).

Second, there is ample case law supporting that position. *See Morris v. Aircon Corporation*, 9:16-cv-35, 2017 WL 2927478, at *2 (E.D. Tex. June 15, 2017) (strictly speaking, the defendant has no obligation to timely disclose a responsible third party under this Texas Rules of Civil Procedure as the case was in federal court, where the Federal Rules of Civil Procedure govern the action); *Spencer v. BMW of N. Am., LLC*, 5:14-CV-869-DAE, 2015 WL 1529773, at *2 (W.D. Tex. Apr. 2, 2015) ("There is a reasonable argument that Texas Rules of Civil Procedure ceased to have any relevancy to the case once the action was removed to federal court, since the parties are now bound by the disclosure obligations in the Federal Rules of Civil Procedure. Since there is no federal counterpart for responsible third parties, there would be no disclosure requirement under federal law, in which case Defendants had no timely disclosure obligations with which they would have had to comply under § 33.004(d)."); *Webber, LLC v. Symons Corp.*, 4:12-CV-181-A, 2013 WL 3356291, at *2 (N.D. Tex. July 3, 2013) ("A plausible argument can be made that the Texas rules of procedure mentioned above are not applicable in this federal court litigation, with the consequence that defendant cannot be deemed to have failed to comply with any obligation of disclosure under the Texas Rules of Civil Procedure because it had no such obligation); *Ranolls v. Dewling*, No. 1:15-CV-111, 2016 WL 7356809, at *3 (E.D. Tex. Mar. 7, 2016).

Since there is no obligation to designate a responsible third party before the statute of limitations expired, the Defendants could not have possibly failed with their obligations under §13.004(d) because they had none:

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the

-9-

> defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure. §13.004(d) (emphasis added).
>
> Section 33.004(d) only prohibits a defendant from designating a responsible third party after the applicable limitations period if it failed to comply with its obligation, "if any, to timely disclose." If there is no obligation to disclose prior to the expiration of the limitation period, there is no prohibition against designated a responsible third party after the expiration of the limitations period. *See Spencer v. BMW of N. Am., LLC*, 5:14-CV-869-DAE, 2015 WL 1529773, (W.D. Tex. Apr. 2, 2015); *Webber, LLC v. Symons Corp.*, 4:12-CV-181-A, 2013 WL 3356291, (N.D. Tex. July 3, 2013); and *Ranolls v. Dewling*, No. 1:15-CV-111, 2016 WL 7356809, (E.D. Tex. Mar. 7, 2016) which all found that the defendants in those cases were not prohibited from designating a responsible third party after the applicable limitations period since there was no obligation to timely disclose that the person may be designated as a responsible third party under the Federal Rules of Civil Procedure.
>
> Accordingly, since Defendants were under no obligation to disclose prior to the expiration of the limitation period, there is no prohibition against Defendants designating a responsible third party after the expiration of the limitations period.

Dkt. 61 at 3-8. Defendants assert that their "Defendants Motion for Leave to Designate Irazema Oliva as a responsible their party is timely, as the applicable limitations period to the claims to which they seek to hold Irazema Oliva responsible, have not expired. Plus, Defendants could not have violated a duty to disclose Mrs. Oliva as a potential responsible third party prior to the expiration of the applicable limitations period, when they had no such obligation, and since the applicable limitations period has not expired," and that they should "be granted permission to designate Irazema Oliva as a responsible third party in the above-entitled and numbered cause." *Id.* at 8.

**Legal Standards & Analysis**

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort or under the Texas Deceptive Trade Practices-Consumer Protection Act [] may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Mavuninu-Jean v. Reyes*, No. 3:19-cv-1571-B, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019) (citing TEX. CIV. PRAC. & REM. CODE § 33.002).

Texas Civil Practice and Remedies Code § 33.004(a) provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." But, under Texas Civil Practice and Remedies Code § 33.004(d),

> [a] defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

Texas Civil Practice and Remedies Code § 33.004(f) provides that "[a] court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served," and, under Texas Civil Practice and Remedies Code § 33.004(g),

> [i]f an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person

to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

"By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party." TEX. CIV. PRAC. & REM. CODE § 33.004(h). And, under Texas Civil Practice and Remedies Code § 33.004(l), "[a]fter adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." "Once a person or entity is designated as a responsible third party, the factfinder determines its responsibility for the plaintiff's injury or damages, unless the trial court strikes the designation or no legally sufficient evidence of its fault is produced at trial." *Gutierrez v. Tractor Supply Co.*, Civ. A. No. H-15-778, 2018 WL 3055752, at \*2 (S.D. Tex. June 20, 2018) (citing TEX. CIV. PRAC. & REM. CODE § 33.003(b)).

"District courts in the Fifth Circuit have found that Texas's proportionate responsibility statute, Tex. Civ. Prac. & Rem. Code § 33.004, is not in conflict with the Federal Rules of Civil Procedure and can therefore apply substantively in a diversity case." *Vecron Exim Ltd. v. XPO Logistics, Inc.*, Civ. A. No. H-18-2394, 2019 WL 2025206, at \*4 (S.D. Tex. May 8, 2019); *accord Gutierrez*, 2018 WL 3055752, at \*1;

*Ramos v. Beltran*, No. 5:15-CV-1042-RP, 2016 WL 8234983, at *1 (W.D. Tex. Dec. 20, 2016); *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G, 2016 WL 5341224, at *1 (N.D. Tex. Sept. 23, 2016).

> But one judge in this district has explained:
>
> The court has applied § 33.004 in diversity cases and in cases in which its subject matter jurisdiction was based on a federal question. *See, e.g.*, *Davis v. Dall. Cnty., Tex.*, 2007 WL 2301585, at *2 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.) (federal question); *Estate of Dumas v. Walgreens Co.*, 2006 WL 3635426, at *1 (N.D. Tex. Dec. 6, 2006) (Fitzwater, J.) (diversity). The court has not yet been presented with a case requiring it to engage in an extensive analysis of whether § 33.004 should be given full effect. As before, the court
>> suggests no view on such matters as whether the statute's references to "the pleading requirement of the Texas Rules of Civil Procedure," *see* § 33.004(g)(1) (singular), and to "the pleading requirements of the Texas Rules of Civil Procedure" *id.* § 33.004(g)(2) (plural), apply in a diversity case. Nor does the court "suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines."
>
> *Davis*, 2007 WL 2301585, at *1 (citations omitted). Chicago Title does not argue that § 33.004 is inapplicable, and the court will continue to apply the statute "until persuaded that [it] does not apply." *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.).

*Hancock v. Chicago Title Ins. Co.*, No. 3:07-cv-1441-D, 2012 WL 82820, at *2 n.3 (N.D. Tex. Jan. 11, 2012). And another district judge in Texas has held that

> The fact that the Texas statute allows a defendant to designate a responsible third party if the motion for leave is "filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date," TEX. CIV. PRAC. & REM. CODE § 33.004(a), does not make Shippers Stevedoring's motion timely. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Foradori v. Harris*, 523 F.3d

> 477, 486 (5th Cir. 2008). The state-law deadline for filing a motion for leave to designate responsible third parties is a procedural requirement that does not govern the timeliness of such a motion in federal court. Instead, the timeliness of the motion is governed by the scheduling order mandated by Federal Rule of Civil Procedure 16(b).

*Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, Civ. A. No. H-08-1774, 2011 WL 5920930, at *2 (S.D. Tex. Nov. 28, 2011) (footnote omitted). The judge further explained that

> [t]his court does not hold that the Texas proportional responsibility statute does not apply in diversity cases. Both this court and other Texas federal district courts have applied Tex. Civ. Prac. & Rem. Code § 33.004 in diversity cases. *See, e.g.*, *Arvie v. Dodeka, LLC*, No. H-09-1076, 2011 WL 1750242, at *3 (S.D. Tex. May 4, 2011) (holding that Federal Rule of Civil Procedure 14 "does not prevent [defendants] from designating responsible third parties under § 33.004" in federal court); *Eisenstadt v. Tel. Elecs. Corp.*, Civ. A No. 3:06-CV-1196-O, 2008 WL 4452999, at *1 (N.D. Tex. Sept. 30, 2008) ("Several federal district courts in Texas, including this Court, have applied [§ 33.004] in diversity cases, finding there is no conflict with the Federal Rules of Civil Procedure."). This court holds only that the statutory time limit on filing a motion for leave to designate responsible third parties – a procedural aspect of the Texas statute – is not binding on federal courts.

*Id.* at *2 n.2.

And, apart from these concerns regarding Section 33.004's deadline for filing a motion, "[f]ederal district courts in the Fifth Circuit have varying approaches to the disclosure requirement of Section 33.004(d) and the Texas Rules of Civil Procedure's applicability in federal court." *Magna Equities II, LLC v. Heartland Bank*, Civ. A. No. H-17-1479, 2018 WL 1135482, at *5 (S.D. Tex. Feb. 28, 2018).

But, even assuming that Section 33.004(d) fully applies here, Defendants seek to designate Irazema Oliva as the responsible third party for the injuries to the minor

children in this case as alleged in the minors' claims in Plaintiffs' Second Amended Complaint [Dkt. No. 22]. And, for the reasons that Defendants explain in their reply, *see* Dkt. No. 61 at 3-5, under Texas Civil Practice and Remedies Code §§ 16.001(a)-(b) and 16.003(a), the statute of limitations on the minors' causes of action has not expired, *see S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996); *Hernandez v. Bumbo (Pty) Ltd.*, No. 3:13-cv-1213-M, 2014 WL 924238, at *2 (N.D. Tex. Mar. 10, 2014).

Plaintiffs' suing on the minors' behalf as next friends does not change this analysis for purposes of the limitations applicable to the minors' claims. The Texas Supreme Court has made clear that "[t]he status of a next friend under Texas law is well settled": "In a suit by a 'next friend,' the real party plaintiff is the child and not the next friend," and "the next friend is not a party to the suit instituted by a minor by his aid." *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 573 (Tex. 2015) (internal quotation marks omitted); *see also Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) ("Although a minor, incompetent, or estate may have suffered an injury and thus have a justiciable interest in the controversy, these parties lack the legal authority to sue; the law therefore grants another party the capacity to sue on their behalf."). And, as the United States Court of Appeals for the Fifth Circuit recently explained,

> [i]n Texas, the statute of limitations is two years, but this period is tolled for a person under age eighteen so that "the time of [legal] disability is not included in a limitations period." TEX. CIV. PRAC. & REM. CODE §§ 16.001 & 16.003. Together, these two sections require someone to file suit for personal injuries suffered as a minor before he reaches age twenty. *Weiner v. Wasson*, 900 S.W.2d 316, 321 (Tex. 1995).

> The district court held that there is an exception to this "tolling provision" when a next friend, represented by counsel, aggressively prosecutes a minor's claims on his behalf. ....
> Texas law, however, does not support this judge-made exception. The Texas code itself gives no indication that a next-friend lawsuit affects the tolling provision. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.001 & 16.003; TEX. R. CIV. P. 44. Similarly, though case law demonstrates that a next friend can bring suit on behalf of a minor and make litigation decisions that bind him, it does not establish that such a suit waives the protection of the tolling provision. Indeed, there is no support for the premise that Texas's tolling provision can ever be waived by a minor, either directly or indirectly through a next friend.

*Clyce v. Butler*, 876 F.3d 145, 148-49 (5th Cir. 2017).

Texas Civil Practice and Remedies Code § 33.004(d) – assuming that it fully applies in this diversity case – therefore does not, by its own terms, render Defendants' motion untimely. And Plaintiffs have not established any other basis to deny leave to designate as Defendants request.

## Conclusion

The Court should GRANT Defendants' Motion for Leave to Designate Responsible Third Party [Dkt. No. 47] for the reasons explained above and grant Defendants USA Truck, Inc. and Shedrick Timmothy Simmons leave to designate Irazema Oliva as a responsible third party under Texas Civil Practice and Remedies Code § 33.004 as to the claims of the minors in this case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE